SILBERNAGEL *v.* TALIAFERRO.

Opinion delivered January 17, 1927.

LANDLORD AND TENANT—LIABILITY OF MORTGAGEE FOR RENT.—Where a crop subject to a landlord's lien was turned over to persons having a mortgage thereon, on their promise to pay the rent, they could not relieve themselves of liability by turning the property over to a receiver in a foreclosure proceeding; their act constituting a wrongful conversion.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; affirmed.

*Reinberger & Reinberger,* for appellant.
*Crawford & Hooker,* for appellee.

McCulloch, C. J. There are two appeals in separate cases, now under consideration, which have been consolidated in this court, the facts being conceded to be substantially identical so far as they affect the decision of the court.

Appellants are copartners, conducting a mercantile business in the city of Pine Bluff, and appellees are the respective owners of farm lands in Jefferson County. The lands were rented to certain tenants of the year 1923, and the tenants mortgaged their crops to appellants for supplies. The tenants, with one exception, consisted of a copartnership composed of three persons, who, during the crop-gathering season, became insolvent and were adjudged bankrupt. It does not appear in the abstract of the record when this adjudication of bankruptcy occurred, but it seems to have been before the institution of this action, which was commenced by appellees against appellants on November 20, 1923, to recover the amount of the rent due to them from their respective tenants.

It was alleged in each of the complaints that the crops of cotton and corn raised by the tenants on the lands rented from appellees had been delivered to appellants upon express promises of appellants to pay the rent due the appellees, and that the market value of the crop so delivered was more than sufficient to pay the rent, but that appellants, after having received the cotton, appropriated same to their own use and refused to pay the rent.

Appellants filed an answer containing denials of all the allegations of the complaint. On the trial of the cause, appellees introduced testimony establishing the fact that the cotton was gathered by the tenants, and appellants demanded delivery of the crop to them, and the crop was delivered to appellants upon the express promise that they would pay the rent to appellees. The decided preponderance of the evidence was to this effect, and the court found that appellants received the corn and cotton into their possession and promised to pay the rent, but, after appropriating the crop to their own use, they refused to pay the rent.

Appellants defended on the sole ground that they had not converted the crops, but that same had been delivered to a receiver appointed by the chancery court of Lincoln County; that the receiver had sold the crop by order of the chancery court; that the only remedy of appellees was to intervene in that suit for the enforcement of their respective liens. In other words, the contention is that appellants did not convert the crop, and therefore are not liable for the rent. The proof in the case does not sustain the defense of appellants. It appears from the testimony in the case that, on December 13, 1923, appellants instituted an action in the chancery court of Lincoln County against the tenants, their mortgagors, foreclosing their mortgages, and that a receiver was appointed. Appellants offered testimony to the effect that the crop, at least most of it, was delivered, not to them, but to the receiver. They admitted, however, that a portion of the crop was delivered to them and that they in turn delivered it to the receiver, when all of the crop was sold by the receiver under an order of the court and the proceeds were turned over to them.

If, as contended by appellants, they never received the crop into their possession, but, on the contrary, the crop was turned over to the court's receiver, who sold the same, the liens of the landlords could not be enforced against them, and the only remedy of the landlords would be to intervene in the case in which the receiver was appointed. The proof in the case, as we have already said, does not support this contention, because, from a preponderance of the testimony, the crops were turned over to appellants on the promise that they would pay the rent, and, if they received the crop, which was subject to a statutory lien, with notice of the existence of the lien, they could not relieve themselves of liability by turning the property over to the receiver. *Rose City Merc. Co* v. *Miller,* 171 Ark. 872, 286 S. W. 1010. This constituted a wrongful conversion of the property, which rendered appellants liable for the rent. The decree of the court in each case was correct, and the same is affirmed.